UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER KEESER,  :<br>    *Plaintiff*,  :<br>                  :<br>v.  :<br>                  :<br>UNITED STATES OF AMERICA and<br>ROBERT GREENE, JR.,  :<br>    *Defendants*.  : | CASE NO. 3:25-cv-1618 (KAD) |

## INITIAL REVIEW ORDER

Kari A. Dooley, United States District Judge

Christopher Keeser ("Plaintiff"), a federal inmate currently incarcerated at Federal Medical Center Lexington ("FMC Lexington), filed this complaint *pro se*, bringing a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") against Defendant Dr. Robert Greene, Jr. ("Dr. Greene"), a doctor at Federal Correctional Institution Danbury ("FCI Danbury"), as well as a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (the "FTCA"), against Defendant United States of America (the "United States").[1] Plaintiff alleges that Dr. Greene was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment while he was incarcerated at FCI Danbury and that the United States is liable for Dr. Greene's medical malpractice.

For the following reasons, Plaintiff may pursue his Eighth Amendment claim against Dr. Greene and his FTCA claim against the United States.

---

[1] Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the case caption. *See* Fed. R. Civ. P 10(a) ("The title of the complaint must name all the parties . . . ."). Accordingly, the Court considers the plausibility of claims against only the two Defendants named in the case caption. *See Shariff v. United States*, 689 F. App'x 18, 19 (2d Cir. 2017) (noting that when dismissing original complaint, district court correctly instructed plaintiff that he must identify all defendants in the case caption); *Thompson v. Hartford Cnty. Med. Dep't*, No. 3:19-CV-1983 (VAB), 2020 WL 2198096, at *3 (D. Conn. May 6, 2020).

**Allegations**

The Court does not set forth all the facts alleged in Plaintiff's Complaint. Instead, it summarizes his basic factual allegations here only to give context to its ruling below. Plaintiff's Complaint includes two sets of facts: one relevant to his Eighth Amendment claim of deliberate indifference to his medical needs after an asthma attack, and another relevant to his medical malpractice claim under the FTCA.[2]

**Deliberate Indifference to Medical Needs After Asthma Attack**

At the time relevant to this action, Plaintiff suffered from chronic asthma that required medical monitoring. Compl., ECF No. 1, ¶ 8.

While still imprisoned at FCI Danbury, Plaintiff experienced a severe asthma attack and sought "urgent" medical attention from Greene on or about March 13, 2024. *Id.* ¶ 9. Despite Plaintiff's known medical history and obvious distress, Dr. Greene refused to provide Plaintiff with his prescribed nebulizer treatment and offered instead an ineffective oral medication. *Id.* ¶¶ 10–11. Plaintiff's condition worsened and led to "respiratory failure and an emergency hospitalization at the infirmary." *Id.* ¶ 12.

Dr. Greene's medical staff were allegedly aware of the systemic failures and inadequate medical policies regarding asthma treatment but failed to take corrective action. *Id.* ¶ 13.

**FTCA Claim Based on Failure to Diagnose**

In another incident while he was imprisoned at FCI Danbury, Plaintiff complained of persistent and severe pain in his hip and knee on March 11, 2024. *Id.* ¶ 15. Despite his repeated

---

[2] The Court does not decide here whether these two separate claims are properly joined. And this order does not preclude Defendant Greene or the United States from seeking severance of these claims after the Complaint is served and counsel for the Defendants have appeared.

2

complaints and clear symptoms, Dr. Greene and other medical staff—who were acting within the scope of their employment—failed "for months" to perform standard diagnostic tests, such as X-rays or MRI scans. *Id.* ¶¶ 14, 16.

Plaintiff alleges that, under the applicable standard of medical care, a reasonably competent physician under similar circumstances would have performed these diagnostic tests to rule out or confirm a serious orthopedic condition. *Id.* ¶ 17. As a result of the failure to provide these diagnostic tests, Plaintiff's "severe degenerative joint" condition was not diagnosed for two years, and Plaintiff is now unable to walk. *Id.* ¶ 19.

The diagnosis delay caused Plaintiff's condition to worsen significantly, requiring a more complex and debilitating surgical procedure than what would have been necessary had Plaintiff received a timely diagnosis. *Id.* ¶ 20.

On December 5, 2025, Plaintiff filed an administrative claim concerning "this medical malpractice" and conditions at FCI Danbury with the BOP Regional Office. *Id.* ¶ 21. On March 28, 2025, the BOP Regional Office denied Plaintiff's administrative claim and advised: "If you are dissatisfied with this decision, you may bring an action against the United States in the appropriate United States District Court within six (6) months of the date of this letter." *Id.* ¶ 22.

**Standard of Review**

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b). In doing so, the Court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see*

*also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Discussion**

Plaintiff's Complaint specifies that he seeks relief under *Bivens* for failure to provide adequate care for his "severe asthma attack" on March 13, 2024, Compl. ¶¶ 9–12, and under the FTCA for the delayed diagnosis of his "severe degenerative joint" condition. *Id.* ¶¶ 14–23. The Court first considers whether Plaintiff has alleged a plausible claim against Dr. Greene under *Bivens* for an alleged violation of the Eighth Amendment.

*Bivens*

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

Not all constitutional violations give rise to a damages remedy under *Bivens*. The Supreme Court has recognized a remedy for damages in only three contexts: (1) a Fourth Amendment search and seizure suit against federal narcotics officers (*Bivens*); (2) a Fifth Amendment due process suit against a congressman-employer on the grounds of gender discrimination (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) an Eighth Amendment cruel and unusual punishment suit against federal jailers for failure to provide adequate medical treatment (*Carlson v. Green*, 446 U.S. 14 (1980)).

4

*See Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

To determine whether a plaintiff's claim may proceed under *Bivens*, the Court must conduct a two-step analysis. *Egbert v. Boule*, 596 U.S. 482, 492 (2022). The first step asks, "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id.* (quoting *Abbasi*, 582 U.S. at 139). If a case arises in a "new *Bivens* context," the Court proceeds to the second step, where it considers "whether there are any special factors that counsel hesitation about granting the extension" of *Bivens* into a new context. *Hernández v. Mesa*, 589 U.S. 93, 102 (2020) (cleaned up).

"Courts considering medical claims filed under *Bivens* have routinely found variances in circumstances and severity [that] render deliberate indifference claim[s] different from *Carlson* and thus aris[ing] in a 'new context.'" *Churuk v. Canarozzi*, No. 22-CV-1395 (VDO), 2024 WL 2149036, at *10 (D. Conn. Apr. 2, 2024) (internal quotation mark omitted). But for purposes of initial review, the "circumstances and severity" of the harm here is sufficiently similar to that in *Carlson* such that Plaintiff's claim does not arise in a new *Bivens* context. *See id.* at *10–11 (denying Defendant's motion to dismiss *Bivens* claim asserting "that defendants Greene and Escobar were deliberately indifferent to [plaintiff's] medical needs when they failed to restore his prescription for Gabapentinm," finding that "this claim strongly resembles the claim in *Carlson*" because "Plaintiff is claiming deliberate indifference to medical needs by medical providers"). Accordingly, the Court now considers whether Plaintiff's allegations are sufficient to state an Eighth Amendment deliberate indifference claim.

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for

deliberate indifference to serious medical needs, the prisoner must allege facts satisfying two components, one objective and one subjective. *See id.*

The objective component requires the prisoner to demonstrate that the alleged deprivation of medical care was "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). The prisoner must show that he was "actually deprived of adequate medical care" by an official's failure "to take reasonable measures in response to a sufficiently serious medical condition." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006), *abrogated on other grounds as recognized by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023).

This objective showing in turn requires a court to make two inquiries. First, the Court must determine whether the inmate was "actually deprived of adequate medical care." *Salahuddin*, 467 F.3d at 279. Second, the Court must determine "whether the inadequacy in medical care is sufficiently serious," requiring an examination of "how the offending conduct is inadequate and what harm, if any, the inadequacy has or will likely cause the prisoner." *Id.* at 280. This examination differs based on whether the issue is failure to provide *any* medical treatment, inadequate treatment, or delayed treatment. *See Smith v. Carpenter*, 316 F.3d 178, 185–86 (2d Cir. 2003). This inquiry is necessarily contextual and fact-specific. *Id.* at 185.

"[I]f the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Salahuddin*, 467 F.3d at 280 (citing *Smith*, 316 F.3d at 185–86). Deciding whether a condition is sufficiently serious requires courts to consider whether "'a reasonable doctor or patient would find [it] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" *Id.* (alteration in original)

6

(quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).  A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000).

If treatment is given but the inmate alleges it is inadequate, "the seriousness inquiry is narrower." *Id.*  The Court then focuses on the "inadequacy itself." *Valdiviezo v. Boyer*, 752 F. App'x 29, 32 (2d Cir. 2018) (summary order).  If "the basis for a prisoner's Eight Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* . . . rather than the prisoner's *underlying medical condition* alone" to determine whether the deprivation is objectively sufficiently serious. *Smith*, 316 F.3d at 185 (emphasis in original); *see also Robbs v. McCrystal*, No. 3:20-CV-1584 (MEG), 2023 WL 2526533, at *9 (D. Conn. Mar. 15, 2023).

As to the subjective component, "[a]n official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety,'" which is "a state of mind 'equivalent to the familiar standard of recklessness' as used in criminal law." *Smith*, 316 F.3d at 184 (quoting *Chance*, 143 F.3d at 702); *see also Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002).  Conduct may rise to the level of deliberate indifference when the prison official's act or failure to act "evinces 'a conscious disregard of a substantial risk of serious harm.'" *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Farmer*, 511 U.S. at 839).

Allegations constituting negligence or medical malpractice are insufficient to support an Eighth Amendment deliberate indifference claim. *Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020) (summary order) (citing *Hathaway*, 99 F.3d at 553).  "A plaintiff cannot establish a claim of

7

deliberate indifference on a theory that the defendant failed to take some available alternative or additional diagnostic techniques or forms of treatment when the defendant's decision is based on sound medical judgment." *Clark v. Quiros*, 693 F. Supp. 3d 254, 286 (D. Conn. 2023) (noting that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976))). Further, a patient's disagreement over the treatment provided does not rise to the level of deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (summary order) (citing *Chance*, 143 F.3d at 703).

The Court must consider whether Plaintiff's allegations concerning Defendant Dr. Greene's failure to provide adequate care for Plaintiff's asthma attack meet the objective component. *See Smith*, 316 F.3d at 185.

Plaintiff alleges that he sought "urgent" treatment from Defendant Dr. Greene after he suffered from a "severe asthma attack," but Defendant Dr. Greene allegedly "refused to provide him with a prescribed nebulizer treatment and instead offered an ineffective oral medication." Compl. ¶¶ 9, 11. As a result, Plaintiff's condition allegedly worsened, causing his "respiratory failure" and "emergency hospitalization at the infirmary." *Id.* ¶ 12. These allegations suggest that Defendant Dr. Greene provided medical care to Plaintiff but that it was ineffective. Thus, the Court must consider the inadequacy of the treatment itself. *See Valdiviezo*, 752 F. App'x at 32. Plaintiff's allegations plausibly allege that Defendant Dr. Greene's inadequate treatment for Plaintiff's asthma attack resulted in the serious harm of "respiratory failure" requiring emergency hospitalization. *See id.* (medical care was inadequate where "it could have resulted in more serious injury"). Indeed, in *Carlson*, the Supreme Court recognized a *Bivens* remedy for an alleged Eighth Amendment violation

arising from prison officials' failure to treat an inmate's asthma that resulted in the inmate's death. *Carlson,* 446 U.S. 14, 16 n.1. Thus, Plaintiff's allegations related to his asthma attack satisfy the objective component.

Whether Plaintiff's allegations satisfy the subjective element is a closer question. It is well-established that an inmate does not have a right to the medical treatment of his or her choice. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." (citation omitted)); *Chance*, 143 F.3d at 703 ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). But Defendant Dr. Greene's alleged "refus[al] to provide Plaintiff with a prescribed nebulizer treatment" after Plaintiff had a "severe asthma attack," Compl. ¶¶ 9–11, plausibly alleges that Defendant Dr. Greene "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Brock v. Wright,* 315 F.3d 158, 164 (2d Cir. 2003). Thus, Plaintiff may proceed on his *Bivens* claim for damages against Dr. Greene for Eighth Amendment deliberate indifference to his medical needs.

FTCA Claim Against United States

The FTCA waives the federal government's sovereign immunity to tort suits for money damages for:

> [P]ersonal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *Dominy v. United States*, No. 25-CV-1279 (LTS), 2025 WL 1519113, at *1 (S.D.N.Y. May 27, 2025) ("The FTCA provides for a waiver of sovereign immunity for certain

claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment."). Claims based on the negligent or wrongful acts or omissions of federal employees must be brought under the FTCA. *See* 28 U.S.C. § 2679(b)(1) (claim against the United States under the FTCA is exclusive remedy for tort claims against federal employee); *see also Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("[A] claimant's exclusive remedy for non-constitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA." (citations omitted)).

Before a district court has subject matter jurisdiction over an FTCA claim, the plaintiff must have exhausted his administrative remedies by presenting the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Section 2675(a) provides, in relevant part, that:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

Presentation requires that a claimant submit written notice to the agency and that the notice must provide "sufficiently specific information as to the basis of the claim, the nature of claimant's injuries, and the amount of damages sought such that the agency can reasonably understand what it must investigate to determine liability, to value the claim, and to assess the advisability of settlement." *Collins v. United States*, 996 F.3d 102, 119 (2d Cir. 2021). "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements, including exhaustion," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *Manchanda v. Lewis*, No. 21-1088, 2021 WL 5986877, at *2 (2d Cir. Dec. 17, 2021) (summary order) (internal quotations and citation omitted). This

requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Plaintiff's allegations satisfy the requirements for a plausible FTCA claim. He alleges that Dr. Greene and other FCI Danbury medical staff members were acting within the scope of their employment when they breached the standard of medical care of a reasonably competent physician and failed to use standard diagnostic tests to diagnose Plaintiff's "severe degenerative joint" condition that was not diagnosed for two years. Compl. ¶¶ 14–19. Plaintiff also alleges that he filed an administrative claim (SF-95) with the BOP Regional Office "concerning this medical malpractice" and received a final disposition of his claim on March 28, 2025. *Id.* ¶¶ 21–22. Accordingly, Plaintiff may proceed on his FTCA claim for damages against the United States.[3]

**Orders**

Plaintiff may proceed to service (1) on his Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Dr. Robert Greene, Jr., and (2) on his FTCA claim for medical malpractice against the United States.

The Court enters the following additional orders.

(1) The Clerk shall mail a copy of the Complaint and a waiver of service of process request packet to Dr. Robert Greene, Jr. at FCI Danbury by **February 20, 2026**, and report to the Court on the status of the waiver request on the **thirty-fifth day** after mailing. If Defendant Dr. Greene fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S.

---

[3] The United States is, of course, free to challenge Plaintiff's allegations regarding the purported exhaustion of his administrative remedies.

11

Marshals Service on Defendant Dr. Greene in his individual capacity and he shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The Clerk shall prepare the summons form and deliver **two copies** of the summons, Complaint, and this Initial Review Order to the United States Attorney for the District of Connecticut, at any one of the three offices; send **two copies** of the summons, Complaint and its exhibits by registered or certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530; and send **one copy** of the summons, Complaint, by registered or certified mail to the Bureau of Prisons at 320 First Street, N.W., Washington, D.C. 20534.

(3) **The Clerk shall** send Plaintiff a copy of this Order and send a courtesy copy of this Order to Assistant United States Attorney Michelle McConaghy at the US Attorney's Office for the District of Connecticut.

(4) Defendants shall each file a response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver of service forms are mailed to them. If a Defendant chooses to file an answer, that Defendant shall admit or deny the allegations and respond to the cognizable claim recited above. A Defendant also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **August 31, 2026**. Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed on or before **September 30, 2026**.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(d) provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendant or the attorney for Defendant of his new address.

**SO ORDERED** this 30th day of January, 2026, at Bridgeport, Connecticut.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE